IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHARON R. JENSEN                                                        PLAINTIFF

vs.                                    Civil No. 6:08-cv-06029

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Sharon Jensen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her applications for DIB and SSI on August 2, 2004.  (Tr. 59-62).  Plaintiff

alleged she was disabled due to degenerative disc disease of her neck and back, arthritis in her hands

and knees, Grave's disease after removal of her thyroid, cancer of her thyroid, irritable bowel

syndrome, high blood pressure, migraines, and seizures.  (Tr. 17, 84, 99,116-117).  Plaintiff alleged

an onset date of February 14, 2000.  (Tr. 58-62).  These applications were initially denied on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

November 16, 2004 and were denied again on reconsideration on March 31, 2005. (Tr. 40-46). On April 11, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 49). This hearing was held on May 10, 2006 in Hot Springs, Arkansas. (Tr. 238-262). Plaintiff was present and represented by counsel, James Street, at this hearing. *See id.* Plaintiff, her husband Brian Porter, and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed the twelfth grade education. (Tr. 16, 242).

Plaintiff alleged a disability onset of February 14, 2000. However the relevant period under consideration in the present matter is limited based on *res judicata* because of a prior final ALJ decision dated April 27, 2004, denying Plaintiff's prior applications for disability. Plaintiff did not appeal that decision to the district court and as a result, that decision became the final decision of the Commissioner and cannot reviewed in this case. The ALJ in this case properly limited his decision to the period beginning on April 28, 2004. (Tr. 15-16, 27, Finding 1). *See* 20 C.F.R. §§ 404.955; 404.987; 416.1455; 416.1487.

On October 23, 2006, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 15-30). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2005. (Tr. 27, Finding 2). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 28, 2004. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: previous history of Graves disease status post thyroid/parathyroidectomy in 2000; more recent history of irritable bowel syndrome; arthritis and/or orthalgia/myalgia; degenerative disc disease of the spine; migraine headaches; and depression with panic disorder without agoraphobia. (Tr. 28, Finding 4).

2

The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 28, Finding 5).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 28 Findings 6,7).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible.  *See id.*  Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for a wide range of unskilled light work activity with the ability to lift and carry 20 pounds occasionally and 10 pounds frequently; sit, with normal breaks, for a total of six hours in an eight-hour workday; and stand and/or walk, with normal breaks, for a total of about six hours in an eight-hour workday.  (Tr. 28, Finding 7).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy.  (Tr. 29, Finding 11).  Plaintiff and the VE testified at the administrative hearing regarding these issues.  (Tr. 251-253, 258-261).  Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a chicken deboner (light, unskilled), and as a fast food worker (light, unskilled).  (Tr. 29).  The ALJ determined, considering her RFC and the testimony by the VE, that Plaintiff retained the ability to perform her PRW.  (Tr. 29, Finding 12).  Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 28, 2004 through the date of his decision or through October 23, 2006.  (Tr. 30, Finding 15).

On November 13, 2006, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 10).  *See* 20 C.F.R. § 404.968.  On March 3, 2008, the Appeals Council

3

declined to review this unfavorable decision.  (Tr. 5-8).  On March 24, 2008, Plaintiff filed the present appeal.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on September 4, 2008.  (Doc. No. 4).  Both parties have filed appeal briefs.  (Doc. Nos. 7-8).  This case is now ready for decision.

## 2. <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (2) the ALJ improperly assessed the Plaintiff's RFC; (3) the ALJ failed to fully and fairly develop the record; (4) the ALJ performed an improper *Polaski* evaluation; and (5) the ALJ failed to consider Plaintiff's non-exertional limitations. (Doc. No. 7, Pages 4-13). In response,

Defendant argues that the ALJ's disability determination is supported by substantial evidence.  (Doc. No. 8, Pages 5-18).  Defendant argues the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, properly assessed Plaintiff's RFC, fully and fairly developed the record, properly evaluated Plaintiff's subjective complaints, and properly considered Plaintiff's non-exertional limitations.  *See id.* Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address this claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.   The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis.  Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records, recognized the proper legal standard for assessing credibility and noted the following:

> the undersigned Administrative Law Judge finds the claimant's testimony and subjective allegations regarding the severity of her symptoms, limitations, and restrictions to be credible only in so far as they are supported by the medical evidence and other evidence of record and only to the extent that she would be limited to the performance of less strenuous unskilled sedentary and light work activity.  The undersigned simply cannot find the claimant's allegations that she is incapable of all work activity to be fully credible.

(Tr. 25).

This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be

7

performed.[3]

## 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **4th day of August, 2009.**

/s/   Barry A. Bryant

HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8